T.C. Memo. 2012-97

UNITED STATES TAX COURT

LANCE CRAIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8307-10L.                    Filed April 2, 2012.

Lance Crain, pro se.

Robert A. Varra, Cynthia Jane Olson, and Melinda K. Fisher, for
respondent.

MEMORANDUM OPINION

JACOBS, Judge:  Petitioner filed a petition in this Court seeking review of
respondent's determination to sustain actions taken (the filing of a tax lien) and
proposed to be taken (intent to levy) to collect petitioner's unpaid Federal income

tax liability for 2004. The matter presently before the Court involves respondent's motion for summary judgment (respondent's motion), filed September 7, 2011. Respondent contends that no genuine issue exists as to any material fact and that we should sustain his determination as a matter of law. The issues for decision are (1) whether petitioner may challenge respondent's determination as to petitioner's underlying tax liability for 2004, and (2) whether respondent abused his discretion by denying petitioner a face-to-face hearing. For the reasons discussed infra, we will grant respondent's motion.

All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner resided in Wyoming when he filed his petition.

## Background

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for 2004. Relying on information reported on Form W-2, Wage and Tax Statement, filed by petitioner's employer, respondent prepared a substitute for return pursuant to section 6020(b). Respondent determined a deficiency in petitioner's 2004 income tax, and on September 22, 2008, mailed a notice of deficiency to petitioner. Petitioner did not file a Tax Court petition in response to the notice of deficiency. Consequently, on March 16, 2009, respondent assessed the income tax

deficiency determined for 2004 of $4,926, a section 6651(a)(1) addition to tax of $1,108 for failure to timely file a return, a section 6651(a)(2) addition to tax of $1,182 for failure to timely pay tax, a section 6654 addition to tax of $141.15 for failure to pay estimated income tax, and interest of $1,874.57.

Because petitioner failed to pay his tax liability after notice and demand for payment, on August 3, 2009, respondent mailed him a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), informing him that (1) respondent intended to levy on his property to collect his unpaid 2004 income tax liability, and (2) he could receive a hearing with a representative of respondent's Office of Appeals with respect to the proposed levy. On August 31, 2009, petitioner signed and dated a Form 12153, Request for a Collection Due Process or Equivalent Hearing (section 6330 hearing). On Form 12153, petitioner requested a face-to-face section 6330 hearing at "an Appeals office closest to my place of residence, which I will be audio recording." Petitioner stated he wished to discuss the following matters at the hearing:

> Verify whether or not the IRS followed all proper procedures as required by law.

> * * * * * * *

> To challenge this "liability" seeing that I NEVER had a chance to challenge it before.

If this liability is indeed a proper assessment and can be proven that it is authentic and owed, I would like to discuss what collection alternatives are available to me, to include, but not limited to Offer in Compromise, Installment Agreements, and any other payment arrangements that may be available to me.

Petitioner did not state any grounds for his assertion that he did not owe the tax liability as set forth in the levy notice.

On September 19, 2009, respondent's Appeals Office sent petitioner a letter acknowledging receipt of the Form 12153. Respondent's letter advised petitioner that because he had not filed income tax returns for 2005, 2006, 2007, and 2008, respondent's Appeals Office would not consider collection alternatives.

On September 29, 2009, respondent mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice), advising him that (1) a lien had been filed on September 29, 2009, to collect his unpaid 2004 tax liability, and (2) if so requested, he could receive a hearing with a representative of respondent's Appeals Office with respect to the lien filing. On October 19, 2009, petitioner sent a Form 12153 to respondent's Appeals Office requesting a section 6330 hearing with respect to both the lien and levy notices. Petitioner raised virtually the same issues in this Form 12153 as he had in the one

replying to respondent's levy notice. Petitioner did not state any grounds for his assertion that he did not owe the tax liability set forth in the lien notice.

On November 24, 2009, respondent's Appeals Office sent petitioner a letter informing him that his request for a section 6330 hearing had been received and that Appeals Settlement Officer (ASO) Ruggles would be the contact person for his case. Enclosed with this letter was a copy of IRS Publication 4165, Introduction to Collection Due Process Hearings.

In preparation for the section 6330 hearing, ASO Ruggles reviewed petitioner's administrative file and verified that the notice of deficiency was mailed to his last known address, which was the same address as that used in the mailing of the levy and lien notices. On December 9, 2009, ASO Ruggles sent petitioner a letter scheduling a telephone section 6330 hearing for 11 a.m. on January 12, 2010, to discuss the levy notice. She advised petitioner that he was not entitled to a face-to-face hearing because he had not filed tax returns for prior years. Petitioner was informed that if he wished to discuss collection alternatives to the proposed levy, such as an installment agreement or an offer-in-compromise, he had to (1) submit Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and (2) file his as yet unfiled Federal income tax returns for 2005, 2006, 2007, and 2008. ASO Ruggles informed

petitioner that he could have a face-to-face hearing if he filed all of the requested documents by December 24, 2009. Petitioner was further informed that if the scheduled time for the hearing was inconvenient, he should contact ASO Ruggles to reschedule the hearing.

On January 4, 2010, ASO Ruggles sent a second letter to petitioner informing him that she needed to reschedule the section 6330 hearing to January 27, 2010. On January 6, 2010, petitioner responded to ASO Ruggles' December 9 letter. In his response letter, petitioner stated that the originally scheduled conference date of January 12, 2010 was not convenient for him. Petitioner insisted on a face-to-face section 6330 hearing and informed ASO Ruggles that "I don't recall ever receiving any notification or explanation from the IRS that explains how they came up with these numbers against me."

On January 22, 2010, ASO Ruggles sent a third letter to petitioner. This letter informed petitioner that ASO Ruggles would include the lien filing in the section 6330 hearing scheduled for January 27, 2010. The letter reiterated that petitioner would be required to file Form 433-A as well as his delinquent income tax returns in order to be permitted to discuss collection alternatives as well as to be eligible for a face-to-face hearing.

Petitioner did not contact ASO Ruggles on January 27, 2010, nor did he submit the requested documentation. Therefore, on January 27, ASO Ruggles sent a letter to petitioner stating that because he had not contacted her as scheduled, she would make her determination by reviewing the administrative file and the information he had already provided. ASO Ruggles also informed petitioner that if he desired her to consider additional information, he would need to send it to her within 14 days from the date of the letter, i.e., by February 10, 2010.

On February 17, 2010, petitioner sent ASO Ruggles a letter in which he demanded that ASO Ruggles explain the basis on which she refused to provide him with a face-to-face section 6330 hearing. Petitioner again stated: "I don't recall ever receiving any notification or explanation from the IRS that explains how they came up with these numbers against me."

On February 19, 2010, ASO Ruggles reviewed the administrative file and determined that petitioner had not raised any specific challenges to the assessment or to the accuracy of the 2004 deficiency. As part of her analysis, ASO Ruggles determined that (1) petitioner was not entitled to a face-to-face meeting, and (2) he was not eligible for consideration of a collection alternative (e.g., an-offer-in-compromise or an installment agreement) because he had not filed Federal income tax returns for 2005 through 2008. ASO Ruggles then verified that the

requirements of all applicable law and administrative procedure had been met. ASO Ruggles determined that the proposed levy and the filing of the lien notice appropriately balanced (1) the need for efficient collection of petitioner's unpaid 2004 Federal income tax obligation with (2) petitioner's concerns that the collection actions (i.e., the proposed levy and the filing of the lien notice) be no more intrusive than necessary. Consequently, ASO Ruggles determined that the collection actions were proper.

On March 3, 2010, respondent mailed two Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The first notice of determination sustained the proposed levy, and the second sustained the filing of the lien notice.

Discussion

A.    Summary Judgment

Summary judgment is used to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). This Court may grant summary judgment where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no

genuine issue of material fact, and the Court will view all factual material and inferences in the light most favorable to the nonmoving party. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but rather must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine issue for trial."

B.      <u>Sections 6320 and 6330</u>

Section 6320(a) provides that written notice of the filing of a Federal tax lien must be furnished by the Secretary to the taxpayer whose property is subject to the lien. Section 6320(b) provides that a taxpayer may thereafter request a hearing regarding the filing of the tax lien, and section 6320(c) provides that the hearing must be conducted pursuant to the rules of section 6330 (thus the hearing regarding the filing of a tax lien is referred to as a "section 6330 hearing"). Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified that person in writing of the right to a hearing before the levy is made (the section 6330 hearing). Section 6330(b)(3) provides that if a person requests a section 6330 hearing, that hearing shall be held before an impartial officer or employee of the Internal Revenue

Service.  During the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives, including offers-in-compromise.  Sec. 6330(c)(2)(A).

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at the section 6330 hearing unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the underlying tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).[1]

Following a section 6330 hearing, the Appeals settlement officer must make a determination as to whether the proposed levy action may proceed.  The Appeals settlement officer is required to take into consideration:  (1) Whether the requirements of applicable law and administrative procedure have been met; (2) all relevant issues raised by the taxpayer; and (3) whether the proposed collection actions appropriately balance the need for efficient collection of taxes with the

---

[1] We have interpreted the phrase "underlying tax liability" to include any amounts a taxpayer owes pursuant to tax laws that are subject to the Commissioner's collection activities.  Katz v. Commissioner, 115 T.C. 329, 338-339 (2000).

taxpayer's concerns that the collection actions be no more intrusive than is necessary. Sec. 6330(c)(3).

Where the validity of the underlying tax liability is properly at issue in a section 6330 hearing, we will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). However, where the validity of the underlying tax liability is not properly at issue, we will review the determination of the Appeals Office for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in fact or law. Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532-533 (1979); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). As explained more fully infra, the existence or amount of petitioner's 2004 tax liability is not properly at issue. We therefore review the determination of respondent's Appeals Office for abuse of discretion.

C.     Whether Petitioner May Challenge His Underlying Tax Liability

Section 6330(c)(2)(B) precludes a taxpayer from challenging the existence or amount of the underlying liability unless the taxpayer did not receive a notice of deficiency for that liability or did not otherwise have an earlier opportunity to dispute the liability. Petitioner asserts that respondent has not introduced

sufficient evidence to establish that (1) respondent properly mailed him a notice of deficiency for 2004, and (2) he actually received it. Hence, petitioner posits that he should be permitted to challenge in this proceeding respondent's determination regarding his underlying tax liability. Respondent maintains, first, that because petitioner failed to raise this issue at his section 6330 hearing, he is precluded from raising it in this proceeding. Moreover, respondent contends that the notice of deficiency was properly mailed to petitioner's last known address and hence he is deemed to have received it.

The Commissioner must send a notice of deficiency to the taxpayer before he may assess, collect, or reduce to judgment most income tax liabilities. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984). The taxpayer's last known address is that address to which the Commissioner reasonably believes the taxpayer wishes the notice to be sent. Id.

If the taxpayer contests receipt of the notice of deficiency, the Commissioner must introduce evidence of actual mailing. Rivas v. Commissioner, T.C. Memo. 2012-20. However, the Commissioner is entitled to a presumption of mailing if he (1) introduces evidence that the notice of deficiency existed, and (2) produces a properly completed U.S. Postal Service Form 3877 (Form 3877) or its equivalent. Id. Respondent provided a copy of the notice of deficiency for 2004 which

was dated September 22, 2008, and the equivalent of Form 3877. Specifically, respondent provided a redacted copy of Form 3624, a computerized certified mailing list, listing the pieces of certified mail sent by his Audit Division office in Detroit, Michigan, on September 22, 2008. We have stated that such a certified mailing list provides the same type of information as that reflected on a Form 3877. Virgin v. Commissioner, T.C. Memo. 1991-63. The list so provided by respondent discloses that (1) the notice of deficiency was sent to petitioner by certified mail; (2) the notice's certified mail tracking number, and (3) the address to which the notice was sent. The list bears a U.S. Postal Service date stamp of September 22, 2008. This constitutes direct documentary evidence of the date and fact of mailing of the notice of deficiency.

At the hearing before the Court, petitioner admitted that the address on the notice of deficiency was his correct address, that he resided at that address at all relevant times, and that he still resides at that address. On the basis of our observations of petitioner, we do not find his statement that he did not receive the notice of deficiency to be credible. We thus are satisfied that the notice of

deficiency was timely and properly mailed to petitioner and that petitioner received it. Petitioner therefore may not challenge his underlying tax liability for 2004.[2]

D.    Petitioner's Request for a Face-to-Face Hearing

Petitioner next asserts that respondent improperly denied him the opportunity to have a face-to-face section 6330 hearing. We have held on numerous occasions that a section 6330 hearing is an informal proceeding and not a formal adjudication. Thus, a face-to-face hearing is not mandatory. See Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. at 41; Rivas v. Commissioner, T.C. Memo. 2012-20; Bean v. Commissioner, T.C. Memo. 2006-88.

A section 6330 hearing may properly take the form of a telephone conference or one or more written communications between the taxpayer and the

---

[2]Petitioner asserts that we may not consider the certified mailing list respondent submitted because we are limited to a review of the administrative record. We disagree. As we noted in Rivas v. Commissioner, T.C. Memo. 2012-20 n.5, when a Court of Appeals has held that administrative review of the Commissioner's determination pursuant to sec. 6330 is subject to the Administrative Procedure Act and that we must focus on the administrative record, the record may be supplemented if it does not adequately disclose the basis for the Commissioner's determinations. Robinette v. Commissioner, 439 F.3d 455, 461-462 (8th Cir. 2006), rev'g 123 T.C. 85 (2004). As in Rivas, in this matter respondent offered evidence of timely mailing to refute petitioner's argument that he did not receive a notice of deficiency.

Appeals settlement officer. <u>Katz v. Commissioner</u>, 115 T.C. at 337-338; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. As we have often noted, when a taxpayer is given a reasonable opportunity for a hearing and fails to avail himself of that opportunity, we may sustain the Commissioner's determination to proceed with collection on the basis of an Appeals settlement officer's review of the case file. <u>Rivas v. Commissioner</u>, T.C. Memo. 2012-20; <u>see e.g.</u>, <u>Bean v. Commissioner</u>, T.C. Memo. 2006-88; <u>Ho v. Commissioner</u>, T.C. Memo. 2006-41.

Section 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs., provides that the Commissioner's Appeals Office will not grant a face-to-face section 6330 hearing to discuss a taxpayer's request for a collection alternative, such as an installment agreement or an offer-in-compromise, "unless other taxpayers would be eligible for the alternative in similar circumstances." To be eligible for a collection alternative, the taxpayer must provide required returns or make required deposits of tax. <u>Id.</u>

Petitioner requested a face-to-face section 6330 hearing to address his underlying tax liability as well as collection alternatives. As noted <u>supra</u> pp. 13-14, petitioner is deemed to have received the relevant notice of deficiency. He is thus precluded from raising his underlying tax liability at the section 6330 hearing.

Petitioner also asserted that he wanted to discuss collection alternatives. However, he failed to provide any financial information to respondent's Appeals Office, including the requested tax returns and Form 433-A, all of which were necessary to allow ASO Ruggles to evaluate his ability to pay his tax liability. We have previously held that it is not an abuse of discretion to proceed with collection where the taxpayer has not filed all required tax returns for prior years. Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 Fed. Appx. 675 (10th Cir. 2010); see Summers v. Commissioner, T.C. Memo. 2006-219; Collier v. Commissioner, T.C. Memo. 2004-171.

ASO Ruggles informed petitioner of his right to have a section 6330 hearing by telephone or by correspondence. Petitioner failed to participate in the scheduled telephone conference, and his correspondence with ASO Ruggles contained nothing more than generalities. We therefore conclude that respondent's refusal to hold a face-to-face section 6330 hearing was not an abuse of discretion.

E.     Other Matters Considered at the Section 6330 Hearing

Petitioner did not propose any collection alternative. Nor did petitioner introduce any evidence or make any argument that would indicate that respondent's determination to sustain the lien filing or the proposed levy action

was arbitrary, capricious, or without sound basis in fact or law. We therefore hold that respondent did not abuse his discretion in sustaining the filing of the lien notice and the proposed levy action.

Finally, section 6330(c)(3) provides that the Appeals settlement officer must verify that the requirements of applicable law and administrative procedure have been met and consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection be no more intrusive than necessary. The notice of determination states that ASO Ruggles (1) verified that the requirements of all applicable law and administrative procedure were met, and (2) determined that the proposed levy action and the lien filing appropriately balanced the need for the efficient collection of taxes with petitioner's concerns that these collection actions be no more intrusive than necessary. Consequently, we are satisfied that the mandate of section 6330(c)(3) has been met.

F.     Conclusion

We sustain respondent's filing of the tax lien and respondent's intent to levy on petitioner's property.  Respondent is entitled to judgment as a matter of law.  We therefore shall grant respondent's motion for summary judgment.

To give effect to the foregoing,

An order and decision will be

entered for respondent.