T.C. Memo. 2012-319

UNITED STATES TAX COURT

SANDRA KAY RADEKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10379-11L.                    Filed November 19, 2012.

Sandra Kay Radeke, pro se.

<u>Shaina E. Boatright</u> and <u>Kristin M. Timmons</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>:  The petition in this case was filed in response to a
Notice of Determination Concerning Collection Action(s) under Section 6320
and/or 6330 dated April 4, 2011, upholding a proposed levy collection action for
tax years 2000, 2003, and 2004.  This matter is before the Court on respondent's

[*2] motion for summary judgment pursuant to Rule 121. We must consider whether the determination by respondent's Appeals Office to proceed with the collection action with respect to petitioner's unpaid income tax liabilities was proper.

All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Minnesota when she filed the petition. Petitioner failed to file individual income tax returns for tax years 2000, 2003, and 2004. Pursuant to section 6020(b), the Internal Revenue Service prepared substitutes for returns for tax years 2000, 2003, and 2004. On June 20, 2006, respondent issued to petitioner a notice of deficiency for tax years 2000 and 2003. On May 15, 2007, respondent issued to petitioner a notice of deficiency for tax year 2004. Petitioner did not petition this Court for redetermination of the amounts determined in the notices of deficiency.

On March 11, 2010, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, notifying petitioner that respondent intended to levy to collect the unpaid tax liabilities, interest, and penalties and that

[*3] she could request a hearing with respondent's Appeals Office. On April 22, 2010, petitioner filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request), in which petitioner requested collection alternatives, including an installment agreement and an offer-in-compromise. In her CDP hearing request petitioner stated that "I don't owe all or part of the taxes. I cannot pay my taxes; I do not believe I should be responsible for penalties."

On December 14, 2010, the settlement officer sent petitioner a letter scheduling a telephone collection due process hearing for January 25, 2011. The settlement officer also requested a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and petitioner's unfiled Forms 1040, U.S. Individual Income Tax Return. The conference took place as scheduled on January 25, 2011. According to the settlement officer's log, petitioner requested more time to file her returns for the years in question and to work on Form 433-A. The settlement officer discussed with petitioner the option to submit a request to withdraw from the CDP process and continue to work with the compliance office to reach an agreement. The settlement officer advised petitioner that she would send her a letter summarizing the CDP hearing and

[*4] enclosing a Form 12256, Withdrawal of Request for Collection Due Process or Equivalent Hearing, and information regarding an offer-in-compromise.

On January 26, 2011, the settlement officer sent petitioner a letter with Form 12256 and Form 656, Offer in Compromise, and informed petitioner that Form 12256 was due no later than February 10, 2011. The settlement officer did not receive the form, so shortly after February 10, 2011, she made a courtesy call to petitioner. During the call petitioner indicated that she would immediately return the form. Petitioner failed to submit Form 12256, Form 433-A, or her delinquent returns.

On April 4, 2011, respondent issued petitioner the Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 sustaining the levy action as to the 2000, 2003, and 2004 tax liabilities. Petitioner timely petitioned this Court, seeking review of the determination to proceed with the proposed levy. Petitioner disputes that Form 12256 must be signed by a specific date. In addition, petitioner wanted additional time to file her tax returns. The petition specifically states that "the settlement officer and I agreed that I would work with the Compliance Office to file my taxes for the unfiled years to figure out what I really owed and then go from there to work out either an offer-in-compromise or a collection alternative and that is what I want to continue."

**[\*5]** On July 9, 2012, respondent filed a motion for summary judgment. The Court calendared respondent's motion for summary judgment for a hearing on September 10, 2012, in St. Paul, Minnesota. Both parties appeared and were heard.

## Discussion

Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party (in this case, respondent) to demonstrate that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In considering a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). The nonmoving party may not rest upon the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine dispute for trial. Sundstrand Corp. v. Commissioner, 98 T.C. at 520. Petitioner has failed to demonstrate that there is a genuine dispute for trial. Consequently,

**[*6]** we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) authorizes the Secretary to levy upon all property and property rights of a taxpayer who failed to pay a tax within 10 days after a notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to make the levy. Sec. 6331(d). The Secretary must also notify the taxpayer of his or her right to a collection due process hearing. Sec. 6330(a).

If the taxpayer requests a section 6330 hearing, the hearing is conducted by the Appeals Office. Sec. 6330(b)(1). At the hearing, the taxpayer may raise any relevant issues relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). The taxpayer may also raise any collection alternatives. Sec. 6330(c)(2)(A)(iii).

Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d). The Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Id.

**[*7]**   Where the validity of the underlying tax liability is properly at issue, we review the determination de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  Petitioner has the burden of proof regarding her underlying tax liabilities.  See Rule 142(a).  Where the validity of the underlying tax liability is not properly at issue, we review the determination for abuse of discretion.  Sego v. Commissioner, 144 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

Petitioner raised the issue of her underlying tax liabilities on Form 12153 and in discussions with the settlement officer.  Petitioner did not file her tax returns for the years in question.  Petitioner received two notices of deficiency and did not petition this Court with respect to either of the notices.  Section 6330(c)(2)(B) precludes petitioner from challenging the existence or amount of the underlying tax liabilities before the Appeals Office.  Consequently, petitioner's underlying tax liabilities are not properly before the Court.  See Goza v. Commissioner, 114 T.C. 176.

The Court reviews administrative determinations by the Commissioner's Appeals Office regarding nonliability issues for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008).  We consider whether the determination was arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Murphy

**[\*8]** v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Moser v. Commissioner, T.C. Memo. 2012-208 (discussing the abuse of discretion standard as described by the Court of Appeals for the Eighth Circuit, the court to which an appeal in this case would presumably lie). The determination of the Appeals Office must take into consideration: (A) the verification that the requirements of any applicable law or administrative procedure have been met; (B) the issues raised by the taxpayer; and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3); Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the settlement officer properly based her determination on the factors specified by section 6330(c)(3).

Petitioner contends that she was not told that her telephone conversation with the settlement officer was a hearing. Petitioner received a letter scheduling the CDP hearing. A section 6330 CDP or other pre-levy hearing is an informal proceeding and not a formal adjudication. Crain v. Commissioner, T.C. Memo. 2012-97, slip op. at 14. At a section 6330 hearing, testimony under oath is not taken, witnesses are not subpoenaed, and a face-to-face meeting is not necessary.

[*9] <u>Katz v. Commissioner</u>, 115 T.C. 329, 337-338 (2000); <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000). A section 6330 hearing may properly take the form of a telephone conference or one or more written communications between the taxpayer and a settlement officer. <u>Katz v. Commissioner</u>, 115 T.C. at 337-338; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. An informal telephone conference which gives the taxpayer the opportunity to discuss the merits of her case, settlement alternatives, and other issues related to the proposed levy is a proper CDP hearing. Therefore the settlement officer held a proper CDP hearing with petitioner under section 6330 on January 25, 2011.

Respondent contends that the settlement officer did not abuse her discretion by denying petitioner's collection alternatives. Because petitioner was a nonfiler, the settlement officer gave her an opportunity to submit returns for the years for which the IRS had prepared substitutes for returns. Petitioner failed to file delinquent returns and to complete Form 433-A. Petitioner contends that she suffers from a chronic medical condition and was unable to complete her tax returns and Form 433-A. A taxpayer is expected to provide all relevant information to the Appeals Office, including financial statements. <u>See</u> sec. 301.6330-1(e)(1), Proced. & Admin. Regs. As a result of petitioner's failure to

**[\*10]** submit documents, the settlement officer was unable to evaluate any collection alternatives.

Generally, it is not an abuse of discretion for the settlement officer to deny a taxpayer a collection alternative if the taxpayer did not provide financial information during the administrative hearing. See Olsen v. United States, 414 F. 3d 144 (1st Cir. 2005). Petitioner failed to submit requested financial information, including a completed Form 433-A; it was not an abuse of discretion to deny petitioner's request for collection alternatives because without the requested financial information, the settlement officer was unable to ascertain petitioner's financial circumstances. See Yoel v. Commissioner, T.C. Memo. 2012-222, at *8. The settlement officer did not abuse her discretion by denying a collection alternative.

Respondent argues that petitioner was given additional time to submit required forms and delinquent tax returns but failed to do so. In addition, the settlement officer discussed with petitioner the option to submit a request to withdraw from the CDP process and continue to work with the compliance office to reach an agreement; however, petitioner failed to submit the required Form 12256. Petitioner did not meet deadlines for submitting information and did not respond to respondent's letter or phone call after the CDP hearing. The settlement

[*11] officer did not abuse her discretion in rejecting petitioner's request to delay the proceeding so petitioner could have more time to submit her delinquent income tax returns and Form 433-A. There is no requirement that the Commissioner wait a certain amount of time before making a determination as to a proposed levy. Shanley v. Commissioner, T.C. Memo. 2009-17. A settlement officer's decision to deny a request for more time to submit requested information in this context is not an abuse of discretion. Id.

We conclude that there are no genuine disputes as to material facts for trial and that respondent's determination to proceed with collection was not an abuse of discretion. Therefore, the proposed collection action is sustained.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.