T.C. Memo. 2018-211

UNITED STATES TAX COURT

JAMES ANTHONY RANSOM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22420-17L.                    Filed December 26, 2018.

James Anthony Ransom, pro se.

<u>William J. Gregg</u> and <u>Bartholomew Cirenza</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner
seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal
Revenue Service (IRS or respondent) to uphold a notice of intent to levy.  Respon-

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] dent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. Petitioner resided in the District of Columbia when he filed his petition.

Petitioner is a contractor for nonprofit organizations, frequently working abroad in such remote locations as South Sudan. He filed Federal income tax returns for 2012, 2013, and 2015. For 2012 and 2013 the IRS issued him notices of deficiency. When he did not petition this Court within 90 days of those notices, the IRS assessed his tax liabilities for those years, including interest and (where applicable) additions to tax. For 2015 the IRS assessed the tax shown on petitioner's return, which he has not paid in full. As of March 2017 petitioner's aggregate outstanding liability was $88,418.[2]

_____

[2]This amount included accuracy-related penalties under section 6662(a) for 2012 and 2013. Respondent represents that the IRS will abate those penalties because he lacks evidence that the penalties received supervisory approval as required by section 6751(b).

**[*3]**  On March 16, 2017, in an effort to collect these unpaid liabilities, the IRS mailed petitioner a Letter 11, Notice of Intent to Levy and Notice of Your Right to a Hearing.  He timely requested a CDP hearing, checking the box for "Installment Agreement."  (He also checked the box for "lien withdrawal," but the IRS had not filed an NFTL for any relevant year.)  Petitioner stated that he "did not owe the full amount for 2012" and that he had "filed modifications to that return with no acknowledgment or review by [the] IRS."[3]

After receiving petitioner's case a settlement officer (SO) from the IRS Appeals Office confirmed that the tax liabilities had been properly assessed and that all other requirements of applicable law and administrative procedure had been met.  On July 11, 2017, the SO sent petitioner a letter acknowledging receipt of his hearing request and scheduled a telephone CDP hearing for August 18, 2017.

The SO informed petitioner that he could not challenge his 2012 and 2013 tax liabilities because he had had a prior opportunity to do so when he received notices of deficiency for those years.  The SO explained that petitioner needed to submit Form 433-A, Collection Information Statement for Wage Earners and Self-

---

[3]This statement appears to refer to a Form 1040X, Amended U.S. Individual Income Tax Return, for 2012, which petitioner filed in March 2017.  At the time this case was assigned to a settlement officer, the IRS had not yet processed that return.

[*4] Employed Individuals, with supporting financial information if he wished the SO to consider a collection alternative. The SO ascertained upon review of petitioner's account that he was earning self-employment income in 2017 but had made no estimated tax payments. The SO informed petitioner that to be eligible for a collection alternative he would need to pay $11,278 towards his 2017 account immediately. The SO requested that he submit this payment and the requested financial information by August 11, 2017.

Petitioner did not submit the information or the payment before the hearing. The telephone conference was held as scheduled on August 18, 2017. Petitioner stated that he wished to reinstate a previous installment agreement that had been terminated on June 27, 2016. The SO replied that this might be possible but that petitioner would first need to submit the required financial information and become current on his 2017 estimated tax liability. In light of petitioner's travel schedule, the SO agreed to extend for one month, to September 16, 2017, the deadline for submitting the payment and the Form 433-A documentation.

On August 21, 2017, the SO received petitioner's Form 433-A and supporting information. On August 28, 2017, petitioner made a partial payment of $2,500 towards his 2017 estimated tax liability, leaving a balance due of $14,417 as of

**[\*5]** September 15, 2017.[4]  Petitioner made no further payments towards that balance due.

Because petitioner had failed to come into compliance with his 2017 estimated tax obligation, the SO determined that he was not eligible for a collection alternative at that time.  The SO accordingly closed the case and, on September 28, 2017, issued a notice of determination sustaining the proposed levy.  Following petitioner's timely petition to this Court, respondent filed a motion for summary judgment, to which petitioner has responded.

## Discussion

### I.     Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Under Rule 121(b), we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light

---

[4]Another quarter had passed since the SO had initially communicated with petitioner, bringing his total estimated tax liability to $16,917.  After he paid $2,500, there remained a balance of $14,417.

**[\*6]** most favorable to the nonmoving party. Ibid. However, the nonmoving party may not rest upon the mere allegations or denials in his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

II.     Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not before us, we review the IRS' decision for abuse of discretion only. See id. at 182.

A taxpayer may dispute his underlying liability in a CDP case if he did not receive a valid notice of deficiency or otherwise have a prior opportunity to contest his liability. Sec. 6330(c)(2)(B). A notice of deficiency is valid if it was properly mailed to the taxpayer at his last known address. Sec. 6212(b)(1); Hoyle v. Commissioner, 131 T.C. 197, 200, 203-204 (2008), supplemented by 136 T.C. 463 (2011). A taxpayer's last known address is generally the address appearing on

[*7] his "most recently filed and properly processed Federal tax return." Sec. 301.6212-2(a), Proced. & Admin Regs. Even if improperly addressed, a notice of deficiency is valid if it is actually received by the taxpayer in time to file a petition to this Court. See Bongam v. Commissioner, 146 T.C. 52, 56-57 (2016).

Petitioner at the CDP hearing did not challenge his underlying liability for 2013 or 2015 and is thus precluded from challenging those liabilities now. See sec. 6330(c)(2)(B); Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Sego v. Commissioner, 114 T.C. 604, 609 (2000); sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. In his response to the motion for summary judgment, petitioner appears to advance a challenge to his underlying tax liability for 2012 by asserting that the notice of deficiency for that year was incorrectly addressed. But the address appearing on that notice is identical to the address appearing on petitioner's 2013 tax return (his most recently filed tax return as of the date that notice was mailed).

The IRS has supplied a copy of a completed U.S. Postal Service Form 3877 showing that the notice of deficiency for 2012 was sent to the address appearing on petitioner's 2013 return. This notice was thus properly mailed to him at his last known address. See Crain v. Commissioner, T.C. Memo. 2012-97, 103 T.C.M. (CCH) 1533, 1535. He did not allege in his CDP hearing request, during the CDP

[*8] hearing, or in his petition to this Court that he did not receive this notice. He was therefore precluded from challenging his 2012 tax liability at the CDP hearing and in this Court. See sec. 6330(c)(2)(B); Giamelli, 129 T.C. at 115.[5]

Because petitioner's underlying tax liabilities are not properly before us, we review the SO's action for abuse of discretion only. Goza, 114 T.C. at 182; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

III.    Analysis

In deciding whether the SO abused his discretion in sustaining the proposed levy, we consider whether he: (1) properly verified that the requirements of any applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection

---

[5]Petitioner appears to have filed, in March 2017, an amended 2012 return with an IRS service center. The IRS had not processed this return at the time of the CDP hearing, and petitioner does not allege that he supplied a copy of the amended return to the SO. But whether he did or not would be irrelevant because his receipt of a notice of deficiency precluded him from challenging his underlying liability. If petitioner believes he is entitled to a refund for 2012, he must litigate that claim through a refund suit. See Weber v. Commissioner, 138 T.C. 348, 366-367 (2012).

[*9] action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record establishes that the SO properly discharged all of his responsibilities under section 6330(c).

In concluding that petitioner was not eligible for a collection alternative, the SO relied on petitioner's failure to pay in full his estimated tax liability for 2017. The SO clearly informed petitioner of the need to make that payment, but he paid only $2,500 toward his liability of $16,917. Petitioner contends that he was unable to discharge this liability in full because one of his consulting contracts terminated on August 31, 2017. But the termination of that contract postdated the CDP hearing by two weeks; petitioner has not shown that he was incapable of making the required estimated tax payments during the previous eight months.

We have consistently held that an SO does not abuse his discretion when he declines to consider collection alternatives for a taxpayer who fails to comply with current estimated tax obligations. See Giamelli, 129 T.C. at 111-112; Starkman v. Commissioner, T.C. Memo. 2012-236; Internal Revenue Manual pt. 5.14.1.4.1(19) (Sept. 26, 2008) ("Compliance with filing * * * [and] paying estimated taxes * * * must be current from the date the installment agreement begins."). "[A]lthough

[*10] * * * [an SO] could accept an installment agreement that included petitioner's current estimated tax liabilities, she acted within her discretion in declining to do so." Boulware v. Commissioner, T.C. Memo. 2014-80, 107 T.C.M. (CCH) 1419, 1425, aff'd, 816 F.3d 133 (D.C. Cir. 2016). The requirement of current compliance as a condition of executing an installment agreement "ensures that current taxes are paid and avoids 'the risk of pyramiding liability.'" Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441 (quoting Schwartz v. Commissioner, T.C. Memo. 2007-155); see Orum v. Commissioner, 412 F.3d 819 (7th Cir. 2005), aff'g 123 T.C. 1 (2004).

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the proposed collection action.

An appropriate order and decision

will be entered.