**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | | |
|---|---|---|
| 535 RAMONA, INC., | ) | No. 10-73386 |
| | ) | |
| | ) | Docket No. 6443-07L, United |
| Petitioner-Appellant, | ) | States Tax Court |
| | ) | |
| | ) | **MEMORANDUM**[*] |
| v. | ) | |
| | ) | |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

On Appeal of an Order and Decision of the
United States Tax Court
Judge James S. Halpern, Presiding

Submitted December 7, 2011[**]
San Francisco, California

Before: ALARCÓN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Petitioner and Appellant 535 Ramona, Inc. ("Ramona") appeals an Order

and Decision of the United States Tax Court denying it relief from an Internal

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Revenue Service ("IRS") collection action for a tax liability assessed pursuant to Internal Revenue Code ("I.R.C") § 6330(c)(2)(B).[***] The IRS previously granted Ramona a Collection Due Process ("CDP") hearing, but denied relief. On appeal, the Tax Court denied relief, applying a preponderance of the evidence standard. The only issue raised on appeal was whether this burden of proof was appropriate or erroneous. Because Ramona raised the issue for the first time before this court, it waived its right to appeal on these grounds. Even absent a waiver of appeal, the burden of proof applied by the Tax Court was proper, and the decision below is affirmed.

As a general rule, this court does not hear issues raised for the first time on appeal. *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985). Ramona did not claim that any of the three exceptions to this rule applied. Although Ramona mentioned in its opening brief before the Tax Court that the court had not yet considered the proper burden of proof in CDP cases where underlying liability is an issue, Ramona did not present an argument for an alternative burden. In fact, Ramona acknowledged that it had the burden of proof and argued that it had established its case "by a preponderance of the evidence." Because Ramona failed

---

[***] All references are to the I.R.C. as amended and in effect at the time in question.

to argue that the Tax Court applied the incorrect burden of proof until appeal to this court, Ramona waived its right to appeal this issue. *See id.*

However, even if we were to consider the substantive merits of the claim, the burden of proof applied by the Tax Court was appropriate. In all trials before the Tax Court, "the burden of proof shall be upon the petitioner." Tax Ct. R. 142(a). The determination of tax liability by the IRS is presumptively correct, and the taxpayer bears the burden of proving that the IRS's determination is improper by a preponderance of the evidence. *Welch v. Helvering*, 290 U.S. 111, 115 (1933); Tax Ct. R. 142(a). This general rule applies whether the taxpayer appears in Tax Court or federal district court. Ramona cites no authority supporting its contention that a standard lower than a preponderance of the evidence should apply to its claim.

Accordingly, the Tax Court's Order and Decision is **AFFIRMED**.