T.C. Memo. 2014-139

UNITED STATES TAX COURT

JAMES CROPPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5388-13L.                    Filed July 14, 2014.

James Cropper, pro se.

<u>Tamara L. Kotzker</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>:  The petition in this case was filed in response to a

Notice of Determination Concerning Collection Action(s) under Section 6320

[*2] and/or 6330 (notice of determination) issued January 24, 2013,[1] upholding a proposed levy collection action for tax years 2006, 2007, and 2008. We must consider whether respondent's determination to proceed with the collection action regarding petitioner's unpaid income tax liabilities for tax years 2006, 2007, and 2008 was proper.

Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference.

Petitioner resided in Colorado when he filed the petition. Petitioner did not file individual income tax returns for tax years 2006, 2007, and 2008. Pursuant to section 6020(b) the Internal Revenue Service (IRS) prepared substitutes for returns for tax years 2006, 2007, and 2008.

On August 31, 2009, and January 4 and September 27, 2010, respondent issued to petitioner three separate notices of deficiency for tax years 2006, 2007, and 2008, respectively. Each notice of deficiency was addressed to a particular

---

[1]The notice of determination is incorrectly dated January 24, 2012.

**[*3]** P.O. Box in Norwood, Colorado. Petitioner has not updated his address with the IRS since 2003. Petitioner did not petition this Court for redetermination of the amounts determined in the notices of deficiency.

For each notice of deficiency respondent filled out a PS Form 3877. The PS Forms 3877 show that the notices of deficiency were mailed by certified mail to the same P.O. Box in Norwood, Colorado. Each PS Form 3877 contains a stamp from the Detroit, Michigan, U.S. Postal Service office. Each PS Form 3877 also bears the same date and tracking number as the corresponding notice of deficiency. The PS Forms 3877 do not contain the names or signatures of any U.S. Postal Service employees, and they do not list the number of pieces of mail received at the U.S. Postal Service office.

On October 6, 2011, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, for tax years 2006, 2007, and 2008. The Letter 3172 was addressed to the same P.O. Box in Norwood, Colorado, that was used for the notices of deficiency. The Letter 3172 informed petitioner that respondent had filed a notice of Federal tax lien (NFTL) with respect to 2006, 2007, and 2008. The Letter 3172 further informed petitioner that he had to request a collection due process (CDP) hearing by November 16, 2011. According to the IRS account transcript for petitioner,

**[*4]** respondent received a CDP hearing request on January 13, 2012. The parties have not provided the actual CDP hearing request. On January 31, 2012, the IRS Appeals Office in Salt Lake City acknowledged that it had received petitioner's CDP hearing request.

On May 7, 2012, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding tax years 2006, 2007, and 2008. The Letter 1058 was addressed to the P.O. Box in Norwood, Colorado. On June 4, 2012, petitioner mailed a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request). In the CDP hearing request petitioner listed his address as the P.O. Box in Norwood, Colorado. Petitioner stated that the basis for the hearing request was a proposed or actual levy. He requested a face-to-face CDP hearing and stated that he wished to address the following issues: (1) whether the IRS followed all proper procedures; (2) whether he was liable for the assessed tax; (3) whether he should be held responsible for the penalties accrued; and (4) whether collection alternatives were available to him. Petitioner further stated that he wished to address the underlying liabilities, which he contended he had not had a prior chance to contest.

**[\*5]** On August 14, 2012, a settlement officer sent petitioner a letter addressed to the P.O. Box in Norwood, Colorado. The letter scheduled a telephone CDP hearing for September 20, 2012. The letter also requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and his unfiled Forms 1040, U.S. Individual Income Tax Return, for 2009, 2010, and 2011 (collectively, requested documents) by August 31, 2012. Petitioner did not provide the requested documents to the settlement officer.

On September 20, 2012, the settlement officer attempted to call petitioner. A man who identified himself as petitioner's brother answered the call and stated that petitioner no longer used that phone number. The man gave the settlement officer a new telephone number for petitioner. The settlement officer called the new telephone number and left a message for petitioner. Petitioner did not call back.

Later that day the settlement officer mailed petitioner a letter, addressed to the P.O. Box in Norwood, Colorado. The settlement officer wrote that she had attempted to contact petitioner. She explained that petitioner was not entitled to a face-to-face CDP hearing because he had not filed his tax returns. She enclosed

**[*6]** copies of the notices of deficiency regarding tax years 2006, 2007, and 2008, noting that each one was sent to petitioner's last known address.

On September 21, 2012, the settlement officer received a letter from petitioner, dated September 17, 2012, stating that he would be unable to participate in the telephone CDP hearing at the date and time chosen. He reiterated his request for a face-to-face CDP hearing. He further stated that he did not receive a notice of deficiency for 2006, 2007, or 2008. Petitioner listed the P.O. Box in Norwood, Colorado, as his address.

On October 16, 2012, the settlement officer sent petitioner a letter addressed to the P.O. Box in Norwood, Colorado. The settlement officer wrote that the CDP hearing would be held by correspondence. The settlement officer explained again that petitioner was not entitled to a face-to-face CDP hearing because he had not filed his tax returns. She stated that petitioner could not raise the underlying liabilities at his CDP hearing because he had received notices of deficiency for 2006, 2007, and 2008.

On October 18, 2012, petitioner sent a letter to the settlement officer in response to the September 20, 2012, letter. Petitioner again contended that he did not receive any notice of deficiency for 2006, 2007, or 2008. Petitioner listed the P.O. Box in Norwood, Colorado, as his address.

[*7]   On November 14, 2012, petitioner sent a letter to the settlement officer in response to the October 16, 2012, letter.  Petitioner once more requested a face-to-face CDP hearing and stated that he did not receive any notice of deficiency for 2006, 2007, or 2008.  Petitioner never provided the settlement officer with any of the requested documents.  Petitioner listed the P.O. Box in Norwood, Colorado, as his address.

On January 24, 2013, the settlement officer issued the notice of determination for tax years 2006, 2007, and 2008.  The notice of determination was mailed to the P.O. Box in Norwood, Colorado.  In the notice of determination the settlement officer verified that all requirements of applicable law and administrative procedure had been met.  Specifically, the settlement officer noted that she reviewed the Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, to verify that the notices of deficiency were properly mailed.  In addition, the settlement officer confirmed that the Letter 3172, mailed to petitioner at the same P.O. Box in Norwood, Colorado, as the notice of deficiency, was delivered to petitioner without incident.  She also determined that the proposed levy was an appropriate action that balanced the need for the efficient collection of unpaid tax with the legitimate concern that such actions be no more intrusive than necessary.  She noted that petitioner provided no collection

[*8] alternatives and that he failed to provide any requested documents to her. The notice of determination sustained the proposed levy collection action for tax years 2006, 2007, and 2008. It did not address a lien.

On February 28 and April 30, 2013, petitioner filed with this Court a petition and an amended petition, respectively. Petitioner contends that (1) because he did not receive any notice of deficiency for tax year 2006, 2007, or 2008, respondent erred by not allowing him to challenge the underlying tax liabilities; (2) respondent erroneously denied him a face-to-face hearing; (3) respondent failed to provide him with "any admissible evidence that would support the IRS's claim to this assessed tax"; and (4) respondent failed to meet all applicable requirements. On the petition and the amended petition, petitioner listed the P.O. Box in Norwood, Colorado, as his address.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after a notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to make the levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

**[*9]** A taxpayer who fails to make a timely request for a CDP hearing with respect to the filing of an NFTL is not entitled to a CDP hearing. Sec. 301.6320-1(b)(1), Proced. & Admin. Regs. The taxpayer may nevertheless request an equivalent hearing. Id. In order to make a timely request, the taxpayer must request a CDP hearing during the 30-day period that starts the day after the end of the five business day period within which the IRS is required to provide notice of the filing of the NFTL. Id.

The Letter 3172 indicates that the NFTL was filed on October 7, 2011, and that petitioner had until November 16, 2011, to request a CDP hearing. The record reflects that respondent received a CDP hearing request regarding the NFTL on January 13, 2012, almost two months after the deadline. The CDP hearing request with respect to the NFTL therefore was untimely; the notice of determination thus constitutes a notice of determination only with respect to the proposed levy and does not confer jurisdiction on this Court with respect to the NFTL. See Orum v. Commissioner, 123 T.C. 1, 10-12 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005). Therefore, we discuss only the proposed levy.

If the taxpayer requests a CDP hearing, the hearing is conducted by the Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A).

**[\*10]** Relevant issues include any collection alternatives or spousal defenses.  Id.  Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court.  Sec. 6330(d)(1).  The Court has jurisdiction to review the Commissioner's administrative determinations.  Id.

I.      Challenge to the Underlying Liabilities

Petitioner asserts that he did not receive any notice of deficiency for tax year 2006, 2007, or 2008 and therefore the settlement officer improperly denied him the opportunity to challenge his underlying liabilities at the CDP hearing.

A taxpayer may not challenge an underlying tax liability during a CDP hearing unless the taxpayer did not receive a statutory notice of deficiency for the liability and did not otherwise have the opportunity to dispute the liability.  Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9 (2004).  The Commissioner must send a notice of deficiency to the taxpayer before the Commissioner may assess, collect, or reduce to judgment most income tax liabilities.  United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Crain v. Commissioner, T.C. Memo. 2012-97, slip op. at 12.

Where the validity of the underlying tax liability is properly in issue, we review the Commissioner's determination to proceed with collection de novo.  Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner,

**[\*11]** 114 T.C. 176, 181-182 (2000). In a collection case where the validity of the underlying tax liability is properly in issue, the burden of proof, including the burden of going forward with evidence, is on the taxpayer to show the Commissioner's determination of liability was incorrect. See Rule 142(a); Thompson v. Commissioner, 140 T.C. 173, 178 (2013); 535 Ramona Inc. v. Commissioner, 135 T.C. 353, 358 (2010), aff'd, 461 Fed. Appx. 567 (9th Cir. 2011).

Whether or not petitioner received any notices of deficiency for the tax years in issue, his challenge to the underlying liabilities fails. Petitioner failed to make any specific contentions or to proffer any evidence before the Court showing why respondent's liability determinations are incorrect.

II.    Abuse of Discretion

The Court reviews administrative determinations by the Commissioner's Appeals Office regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

[*12] Petitioner contends that the settlement officer abused her discretion because she did not provide him with a face-to-face CDP hearing. CDP hearings are informal and do not require a face-to-face meeting. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see also Katz v. Commissioner, 115 T.C. 329, 337 (2000). The settlement officer did not abuse her discretion by rejecting petitioner's request for a face-to-face CDP hearing in favor of a correspondence CDP hearing.

Petitioner further contends that respondent did not meet the applicable requirements during the CDP hearing. Section 6330(c)(3) requires the settlement officer to consider the following during a CDP hearing: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer, and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. See also Roberts v. Commissioner, 118 T.C. 365, 371-372 n.10 (2002), aff'd per curiam,

**[\*13]** 329 F.3d 1224 (11th Cir. 2003). The settlement officer was not required to give petitioner a copy of the verification that the requirements of any applicable law or administrative procedure have been met. See Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).

The settlement officer did not abuse her discretion by determining that notices of deficiency had been sent to petitioner's last known address. Petitioner used the P.O. Box in Norwood, Colorado, as his address at all times. The PS Forms 3877 correctly listed the P.O. Box in Norwood, Colorado, as petitioner's address. See Campbell v. Commissioner, T.C. Memo. 2013-57, at \*10. The PS Forms 3877 also listed the same certified mail tracking numbers as the notices of deficiency and bore U.S. Postal Service stamps. See Crain v. Commissioner, slip op. at 13. Respondent acknowledges that the PS Forms 3877 contain defects and are not entitled to the presumption of mailing. Id. The settlement officer, however, did not rely solely on the PS Forms 3877 to verify that the notices of deficiency had been properly mailed. The settlement officer reviewed the Forms 4340 to verify that the notices of deficiency had been properly mailed. The settlement officer also confirmed that the Letter 3172, mailed to petitioner at the same P.O. Box in Norwood, Colorado, as the notices of deficiency, was delivered to petitioner without incident. We find that the settlement officer did not abuse

[*14] her discretion.  Cf. Meyer v. Commissioner, T.C. Memo. 2013-268 (holding that we remand a case to the Appeals Office when the administrative record does not show whether the Appeals officer relied on evidence other than a PS Form 3877 to verify proper mailing of the notice of deficiency).

Petitioner has not shown an irregularity in respondent's assessment procedure.  See Nestor v. Commissioner, 118 T.C. at 166-167 (placing the burden on the taxpayer to prove an irregularity existed in the assessment procedure).  Petitioner likewise has failed to show that the settlement officer did not properly determine that the requirements of any applicable law or administrative procedure had been met.

We find that the settlement officer properly based her determination on the required factors.  The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioner raised, and (3) determined that the proposed collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary.

The settlement officer's determination to proceed with collection was not an abuse of discretion.  Any contention we have not addressed is irrelevant, moot, or meritless.

[*15]  To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.