# United States Tax Court

T.C. Memo. 2022-50

WARREN KEITH JACKSON AND BARBARA ANN JACKSON,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 19634-18L.                    Filed May 12, 2022.

————————

Warren Keith Jackson and Barbara Ann Jackson, pro sese.

*Christina L. Holland*, for respondent.

## MEMORANDUM OPINION

VASQUEZ, *Judge*:  In this collection due process (CDP) case, petitioners seek review pursuant to section 6330(d)(1)[1] of a determination by the Internal Revenue Service (IRS) Office of Appeals[2] (Appeals) to uphold a proposed levy pertaining to their income tax liabilities for 2012 through 2016 (years in issue).  Respondent has made a Motion for Summary Judgment, contending that the settlement officer

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[2] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals.  *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).  We will use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

[*2] (SO) did not abuse his discretion in sustaining the proposed levy. We agree and will therefore grant the Motion.

## *Background*

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. *See* Rule 121(b). Petitioners resided in Kansas when they petitioned this Court.

*Tax liabilities*

On April 15, 2013, petitioners timely filed their 2012 Form 1040, U.S. Individual Income Tax Return, reporting a tax liability of $14,083 and a refundable credit of $1,000. Petitioners remitted $10 with the return but did not pay the balance. On June 3, 2013, the IRS assessed the reported tax, additions to tax under sections 6651(a)(2) and 6654, and statutory interest.

For taxable year 2013, petitioners paid estimated tax of $3,280. On April 15, 2014, they timely filed a request for extension and remitted therewith a payment of $3,000. On October 15, 2014, petitioners timely filed their 2013 Form 1040 reporting a tax liability of $39,431. Petitioners remitted $7,000 with their return but did not pay the balance. On November 24, 2014, the IRS assessed the reported tax, additions to tax under sections 6651(a)(2) and 6654, and statutory interest.

For taxable year 2014, petitioners paid estimated tax of $1,000. On April 15, 2015, they timely filed a request for extension and remitted therewith a payment of $3,000. On October 14, 2015, petitioners timely filed their 2014 Form 1040 reporting a tax liability of $44,005. They made a $995 payment with the return and a $6,500 payment shortly thereafter but did not pay the balance. On November 23, 2015, the IRS assessed the reported tax, additions to tax under sections 6651(a)(2) and 6654, and statutory interest.

For taxable year 2015, petitioners paid estimated tax of $3,000 and timely filed a request for extension. On October 17, 2016, they filed their 2015 Form 1040 reporting a tax liability of $32,361. Petitioners remitted $2,000 with the return but did not pay the balance. On November 21, 2016, the IRS assessed the reported tax, additions to tax under sections 6651(a)(2) and 6654, and statutory interest.

**[*3]** After filing a request for extension, petitioners timely filed their 2016 Form 1040 on September 18, 2017. Thereon they reported a tax liability of $26,664 and a withholding credit of $196. They remitted a $2,000 payment but did not pay the balance. On October 23, 2017, the IRS assessed the reported tax, additions to tax under sections 6651(a)(2) and 6654, and statutory interest. During 2018 petitioners made several payments toward their 2016 liability totaling $5,515.

As of 2018, petitioners' liabilities for the years in issue totaled $128,095.

*Collection activity*

In January 2017 Stephen G. Bolton, petitioners' authorized representative, submitted to the IRS Form 9465, Installment Agreement Request, along with Form 433–F, Collection Information Statement. On the Form 9465 petitioners proposed a monthly installment payment of $556.

In July 2017 the IRS issued petitioners a notice of federal tax lien filing (lien filing notice) for 2012 through 2015 apprising them of their right to request a CDP hearing. The IRS issued petitioners a similar lien filing notice for 2016 in November 2017. Petitioners did not request a CDP hearing within 30 days of either lien filing notice.

In February 2018 an IRS revenue officer issued petitioners a formal notice rejecting their proposed installment agreement. The rejection notice states that petitioners had "sufficient cash or equity in assets to fully or partially pay the balance owed." The rejection notice also states that petitioners would need to make estimated tax payments to become eligible for an installment agreement.

On February 22, 2018, the IRS issued petitioners a notice of intent to levy and notice of your right to a hearing (levy notice) for the years in issue. In response Mr. Bolton timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, on behalf of petitioners. Petitioners' Form 12153 indicates that petitioners were seeking a hearing for taxable years 2006 through 2016. It also indicates that (1) petitioners were seeking review of both the lien filing notices and the levy notice, (2) petitioners were requesting an installment agreement as a collection alternative, and (3) petitioners were interested in requesting innocent spouse relief. With respect to the third item, Form 12153 instructs those seeking innocent spouse relief to

[*4] attach Form 8857, Request for Innocent Spouse Relief.  Petitioners did not comply with that instruction.

*CDP hearing and proceedings before the Court*

Appeals determined that petitioners' Form 12153 was timely as to the proposed levy but untimely as to the lien filing notices.  Accordingly, petitioners were offered a CDP hearing for the proposed levy and an equivalent hearing for the lien filing notices.[3]  Appeals also determined that petitioners' eligibility for CDP and equivalent hearings was limited to their income tax liabilities for 2012 through 2016.

Appeals assigned petitioners' CDP and equivalent hearings to SO David C. Melcher.  SO Melcher conducted the hearings concurrently.  In connection therewith, he reviewed IRS computer transcripts for the years in issue and confirmed that petitioners' liabilities had been properly assessed and that all other legal requirements had been met.  SO Melcher noted that petitioners did not appear to be current on their estimated tax payments.  He also noted that a previously filed financial statement indicated that petitioners had equity of $98,000 in real property.

On May 17, 2018, SO Melcher sent petitioners and Mr. Bolton a letter scheduling a telephone conference for June 14, 2018.  Therein SO Melcher stated that, in order for the SO to consider an installment agreement, petitioners needed to (1) submit Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, (2) provide a list of their assets with current fair market values, (3) provide bank statements for the last three months, (4) provide proof that they had made all required estimated tax payments for 2017 and 2018, and (5) offer a proposed resolution.  SO Melcher asked petitioners to submit the requested items within 14 days from the date of the letter.

Petitioners did not submit anything or otherwise respond to SO Melcher before the scheduled telephone conference.  On June 14, 2018, SO Melcher called Mr. Bolton at the appointed time.  Mr. Bolton confirmed that petitioners had not submitted any of the requested

---

[3] An equivalent hearing is an administrative hearing in Appeals that may be requested by those who fail to timely request a CDP hearing.  Treas. Reg. §§ 301.6320-1(i)(1), 301.6330-1(i)(1).  Although similar to a CDP hearing, an equivalent hearing does not result in a determination subject to judicial review.  *See Craig v. Commissioner*, 119 T.C. 252, 258–59 (2002); Treas. Reg. § 301.6320-1(i)(2), Q&A-I6.

**[*5]** documentation and stated that petitioners did not dispute the appropriateness of the assessments or liens. The only issue Mr. Bolton raised was the rejected installment agreement. SO Melcher explained to Mr. Bolton that petitioners were ineligible for an installment agreement because of their compliance issues. Mr. Bolton stated that petitioners were attempting to get a loan. SO Melcher encouraged Mr. Bolton to have petitioners make their estimated tax payments for 2018, continue with the loan process, and then contact the IRS for further consideration. After the telephone conference, SO Melcher received no further communication from petitioners or Mr. Bolton.

On September 5, 2018, Appeals issued a notice of determination sustaining the proposed levy.[4] Petitioners timely petitioned this Court for review. In their Petition, they state: "We would like the interest and penalty abated . . . [and] an installment payment plan for back taxes." Thereafter, respondent filed the Motion. We ordered petitioners to file an Objection to respondent's Motion. Although petitioners did not file a written Objection, petitioner husband appeared at the Court's Trial Session in Kansas City, Missouri. The Court held a hearing on respondent's Motion, and both respondent and petitioner husband were heard.

*Discussion*

I.    *Summary judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Under Rule 121(b), we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Id.* The nonmoving party may not rest upon the mere allegations or denials in his or her pleadings but must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 52.

---

[4] That same day Appeals issued a decision letter sustaining the lien filing notices for the years in issue. *See supra* note 3. That determination is not before us. *See Craig*, 119 T.C. at 258–59; Treas. Reg. § 301.6320-1(i)(2), Q&A-I6.

**[\*6]**    We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

II.    *Standard of review*

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the taxpayer's underlying liability is properly at issue, we review the SO's determination of that issue de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000). Where there is no dispute as to the taxpayer's underlying liability, we review the IRS decision for abuse of discretion. *Cropper v. Commissioner*, 826 F.3d 1280, 1284 (10th Cir. 2016), *aff'g* T.C. Memo. 2014-139; *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

III.    *Underlying liabilities*

Section 6330(c)(2)(B) provides that a taxpayer may challenge his or her underlying tax liability during a CDP hearing if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have a prior opportunity to dispute the underlying tax liability. The phrase "underlying tax liability" includes the tax due, any additions to tax or penalties, and statutory interest. *See Katz v. Commissioner*, 115 T.C. 329, 338–39 (2000). This Court considers a taxpayer's challenge to an underlying liability in a collection action case only if he or she properly raised that challenge at the administrative hearing. *Giamelli v. Commissioner*, 129 T.C. 107, 115 (2007). An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue or if the taxpayer requests consideration but fails to present any evidence after receiving a reasonable opportunity to do so. *Id.* at 115–16; *Gentile v. Commissioner*, T.C. Memo. 2013-175, at \*6–7, *aff'd*, 592 F. App'x 824 (11th Cir. 2014).

The Petition in this case appears to assign error to respondent's assessments of section 6651(a)(2) additions to tax and statutory interest for the years in issue. However, respondent asserts that petitioners never challenged their underlying liabilities at the CDP hearing, and we

[*7] agree.[5] The record of the CDP hearing includes no evidence that petitioners challenged their liability for the additions to tax or sought an abatement of interest. Neither petitioners' Form 12153 nor the attached cover letter references additions to tax or interest. Furthermore, SO Melcher's case activity record indicates that Mr. Bolton specifically disclaimed a challenge to the assessments in issue during their telephone conference. According to SO Melcher's notes, the only issue Mr. Bolton raised during their telephone conference was the rejected installment agreement. Petitioners have not set forth any evidence suggesting otherwise.

In any event, even if petitioners were thought to have challenged their liabilities for interest or additions to tax, they clearly did not present (and do not contend that they presented) any evidence regarding those liabilities during the CDP hearing. *See Gentile*, T.C. Memo. 2013-175, at *6–7. The Code specifies the evidence a taxpayer must supply to qualify for abatement of interest and to defeat the addition to tax for late payment. *See* § 6404(e)(1)(A) (requiring proof that a deficiency was "attributable in whole or in part to any unreasonable error or delay by an [IRS] officer or employee . . . (acting in his official capacity) in performing a ministerial or managerial act"), § 6651(a)(2) (requiring a showing that the taxpayer's failure was "due to reasonable cause and not due to willful neglect"). Petitioners submitted no evidence to SO Melcher on these points, and they therefore failed to mount a proper challenge to their underlying liabilities at the CDP hearing. That being so, they cannot maintain that challenge here. *See Giamelli*, 129 T.C. at 115; *Gentile*, T.C. Memo. 2013-175, at *6–7.

IV.    *Abuse of discretion*

In deciding whether SO Melcher abused his discretion in sustaining the collection action, we consider whether he: (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioners raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioners] that any collection action be no more intrusive than necessary." *See* § 6330(c)(3); *Ludlam v. Commissioner*, T.C. Memo. 2019-21, at *9–10, *aff'd per curiam*, 810 F. App'x 845 (11th Cir. 2020).

---

[5] Respondent does not contend that petitioners had a prior opportunity to dispute their underlying tax liabilities for the years in issue.

**[\*8]** Our review of the record establishes that the SO properly discharged all of his responsibilities under section 6330(c).

A. *Verification*

This Court has authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 202–03 (2008), *supplemented by* 136 T.C. 463 (2011). Petitioners did not allege in their Petition that the SO failed to satisfy this requirement and have set forth no specific facts as to this matter. *See* Rules 121(d), 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."). In any event, our review of the record shows that SO Melcher conducted a thorough review of computer transcripts for the years in issue and verified that all applicable requirements were met.

B. *Issues raised*[6]

In their Petition, petitioners appear to assign error to SO Melcher's refusal to reconsider their request for an installment agreement that respondent's Collection Division had rejected. Mr. Bolton discussed the rejected installment agreement request with SO Melcher during their June 14, 2018, telephone conference. The notice of determination states that SO Melcher could not consider the installment agreement request because petitioners were delinquent in paying estimated taxes and had not provided their financial information as requested.

We have consistently held that an SO does not abuse his or her discretion by declining to consider a collection alternative for taxpayers, like petitioners, who have failed to make required estimated tax payments. *See Giamelli*, 129 T.C. at 111–12. "Compliance with filing . . . [and] paying estimated taxes . . . must be current from the date the installment agreement begins." Internal Revenue Manual 5.14.1.4.2(19) (July 16, 2018). Likewise, it is not an abuse of discretion for an SO to reject collection alternatives where taxpayers have declined, as petitioners did, to supply the requisite financial information. *See, e.g., Solny v. Commissioner*, T.C. Memo. 2018-71,

---

[6] Petitioners' Form 12153 indicates that they were interested in requesting innocent spouse relief. However, they did not submit Form 8857 or pursue innocent spouse relief in any other way during the pendency of the CDP hearing. They also did not mention innocent spouse relief in their Petition and have therefore conceded the issue. *See* Rule 331(b)(4).

**[\*9]** at \*10. Accordingly, SO Melcher did not abuse his discretion by declining to reconsider petitioners' rejected installment agreement request.

### C. *Balancing*

Petitioners do not allege in their Petition or argue at any later point that SO Melcher failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* § 6330(c)(3)(C). They thus have conceded this issue. *See* Rules 121(d), 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at \*19. In any event, we see nothing to disturb the SO's express conclusion in the notice of determination that the proposed levy action balanced the need for efficient tax collection with any legitimate concerns of petitioners about intrusiveness.

## V. *Conclusion*

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm Appeals' determination to sustain the proposed collection action. In reaching our holding, we have considered all the parties' arguments and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*