T.C. Memo. 2006-149

UNITED STATES TAX COURT

FERREL BENJAMIN GIBBS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24037-05L.                Filed July 24, 2006.

Ferrel Benjamin Gibbs, pro se.

<u>Alisha M. Harper</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This case is before the Court on respondent's
motion for summary judgment pursuant to Rule 121.  The petition
in this case was filed in response to a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330
(notice of determination).  The issue for decision is whether
there was an abuse of discretion by the Internal Revenue Service

(IRS) in determining that collection of petitioner's unpaid income tax liabilities for 2001 should proceed.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided at the Federal Correction Institution in Ashland, Kentucky, at the time that he filed his petition.

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for 2001. A notice of deficiency was sent to petitioner on January 21, 2004. Petitioner never disputed the determinations in the notice. Instead, he repeatedly sent letters to the IRS asserting that he wished to cooperate with the IRS, but only upon receipt of written confirmation that the information that he provided to the IRS would, at no time or in any way, be used in a criminal investigation or criminal prosecution against him. After the time for filing a petition in response to the statutory notice had passed, unpaid taxes, penalties, and interest were assessed.

On June 27, 2005, the IRS sent to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice). In response to the final notice, petitioner sent to the IRS a Form 12153, Request for a Collection Due Process Hearing

(request), dated July 2, 2005. On that form, petitioner repeated his request for written confirmation that the information sought by the IRS "never be used against * * * [him] as a link in the chain of evidence in a criminal investigation or as evidence against * * * [him] in a criminal prosecution".

On July 14, 2005, the IRS sent a letter to petitioner, informing him that his request for a CDP hearing had been forwarded to Appeals for consideration. In a letter dated September 12, 2005, petitioner was given the name of Settlement Officer Genene Hopkins (Hopkins), as the person to contact with any questions. On September 29, 2005, Hopkins sent to petitioner a letter that informed him that the statements made in his request are items that: "1. Courts have determined are frivolous or groundless, or 2. Appeals does not consider. These are moral, religious, political, constitutional, conscientious, or similar grounds." Also in this letter, Hopkins described what she must consider during the hearing, stating:

> Whether the IRS met all the requirements of any applicable law or administrative procedure
>
> Any relevant issues you wish to discuss. These can include:
>
>> 1. Collection alternatives to levy * * *.
>>
>> 2. Challenges to the appropriateness of collection action. * * *
>>
>> 3. Spousal defenses, when applicable.

> We may also consider whether you owe the amount due, but only if you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency.

> We will balance the IRS' need for efficient tax collection and your legitimate concern that the collection action be no more intrusive than necessary.

Finally, Hopkins asked that petitioner forward to the IRS by October 28, 2005, a statement providing specific reasons about the IRS actions with which he disagrees and a collection alternative; all appropriate documents necessary to consider any collection alternative, including a completed Form 433-A, Collection Information Statement for Wage-Earners and Self-Employed Individuals; and copies of filed Federal income tax returns for 1999, 2003, and 2004. Petitioner was informed that, if he did not respond to the letter by the deadline, the determination would be based on his request, any information he previously provided, and the IRS's administrative file and records.

Petitioner did not send the required statement, collection alternative, documents, or returns. Instead, he sent a letter dated October 8, 2005, with statements and requests nearly identical to those made in his previous correspondence with the IRS. A notice of determination was sent to petitioner on December 7, 2005. The determination was summarized as follows:

> Our decision is not to grant you relief * * * from the proposed collection action. You failed to offer an acceptable alternative resolution.

Before you decide whether to petition this notice of determination, you should know that the Tax Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless. It is our view that the positions you have taken have no merit and are groundless. [Citation omitted.]

Petitioner filed a petition disputing the determination. In his objections to respondent's motion for summary judgment, petitioner attached copies of letters dated December 22, 2005, that he allegedly sent to the IRS. In these letters, petitioner stated that he was invoking the protection of the Fifth Amendment regarding "each and every item, question, and or portion of an item and or question" because he had not received any response regarding his request for written confirmation that information sought would not be used against him in any criminal investigation or criminal prosecution. In a supplemental objection filed on June 21, 2006, petitioner alleged his "separation of citizenship with the corporate United States". Attached to the supplemental objection were letters dated April 5 and May 21, 2006, addressed to the Social Security Administration (SSA) and the IRS, respectively. In his letter to the SSA, petitioner asserted that it was by mistake, coercion, misrepresentation, and intimidation that he obtained a Social Security number and that he has changed his "Citizenship to South Carolina Republic". Petitioner further stated, in an attached affidavit: "I Rescind, Terminate, Reject, Forfeit and Waive any

and all benefits from the Social Security Administration".  He also asserted that any and all funds held by the SSA for him must immediately be refunded in full and that anything less would be fraud.  Petitioner stated in his letter to the IRS that it was "NOTICE to the Internal Revenue Service * * * that I no longer wish to be associated with the Mark of the Beast and have no desire to participate in the Social Security System."

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  Petitioner has not identified any facts or evidence that would be presented at trial to controvert the undisputed facts already in the record.  See Rule 121(d) (providing, in pertinent part, that a response "must set forth specific facts showing that there is a genuine issue for trial.").  Petitioner's objection to respondent's motion for summary judgment does not allege any factual errors with regard to the Appeals' determination that the collection action against

him was appropriate. See Rule 331(b)(4) and (5). We conclude that the material facts are not disputed and that judgment may be rendered as a matter of law.

Section 6330 generally provides that the IRS cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an IRS Office of Appeals hearing). Section 6330(c)(1) provides that the Appeals officer shall obtain verification that the requirements of any applicable law or administrative procedure have been met. Section 6330(c)(2)(A) provides that the taxpayer may raise "any relevant issue relating to the unpaid tax" including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection. The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if he or she did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B).

Petitioner received a notice of deficiency and may not contest the amount of the underlying tax liability. Therefore, the Court will review respondent's determination only for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 179-181 (2000). In order to

prevail, a taxpayer must prove that the Commissioner exercised this discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner never challenged the appropriateness of the collection action, and he did not offer any collection alternative. His objections to the motion for summary judgment were frivolous. Additionally, petitioner did not properly assert the Fifth Amendment privilege. But in any event, in a civil tax case, the taxpayer must accept the consequences of asserting the Fifth Amendment and cannot avoid the burden of proof by claiming the privilege and attempting to convert "the shield * * * which it was intended to be into a sword". United States v. Rylander, 460 U.S. 752, 758 (1983); see Steinbrecher v. Commissioner, 712 F.2d 195, 198 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Traficant v. Commissioner, 89 T.C. 501 (1987), affd. 884 F.2d 258 (6th Cir. 1989); see also Wheelis v. Commissioner, T.C. Memo. 2002-102, affd. 63 Fed. Appx. 375 (9th Cir. 2003).

Petitioner did not raise any factual dispute showing that respondent's determination was arbitrary, capricious, or without sound basis in law. We conclude that there was no abuse of discretion when respondent sustained the proposed levy to collect petitioner's unpaid income tax liability for 2001.

To reflect the foregoing,

An appropriate order
and decision will be entered
for respondent.