T.C. Memo. 2012-85

UNITED STATES TAX COURT

JAMES W. WINTERS II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20189-09L.                    Filed March 22, 2012.

James W. Winters II, pro se.

<u>Kelley Andrew Blaine</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d), petitioner

seeks review of respondent's determination sustaining the filing of a notice of

Federal tax lien (NFTL) with respect to unpaid income taxes for taxable years 2004 and 2005.[1]

FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate by this reference. When he petitioned the Court, petitioner resided in Washington State.

On September 24, 2007, respondent assessed petitioner's Federal income tax for 2004. On February 25, 2008, respondent assessed petitioner's Federal income tax for 2005.[2]

On November 12, 2008, respondent filed an NFTL with the county auditor of Clark County, Washington, with respect to petitioner's 2004 and 2005 tax liabilities. That same day respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. On December 23, 2008, respondent received from petitioner a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioner indicated that he wished to pursue a collection alternative.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code. All monetary amounts have been rounded to the nearest dollar.

[2]Although the record is unclear on this point, respondent asserts that petitioner received a notice of deficiency for tax year 2004 and voluntarily filed his 2005 return late, showing a balance due.

By letter dated March 31, 2009, respondent's settlement officer (SO) notified petitioner that she had scheduled a telephone conference with him for May 7, 2009, and offered him the option of a face-to-face hearing. The letter requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, noting in bold font **"Please provide the required documentation on page 4 of the Form 433 A**".[3] The letter also requested that petitioner provide a copy of his 2006 Federal income tax return, which had not been filed. The letter indicated that if these documents were not provided by April 16, 2009, the SO could not consider collection alternatives at petitioner's conference.

On April 15, 2009, petitioner called the SO and requested that his hearing be rescheduled. In a telephone conversation the next day petitioner and the SO agreed to a rescheduled hearing date of May 20, 2009. The SO gave petitioner until the new hearing date to provide the requested Form 433-A, his 2006 tax return, and any

---

[3]Page 4 of the Form 433-A requires submission of copies of income items (earnings statements, pay stubs, etc.); statements for banks accounts, stock investments, life insurance, etc.; statements from lenders with respect to all personal and business assets; billing statements for all out-of-pocket expenses; credit card statements, profit and loss statements, etc.; and a copy of the prior year's Form 1040, U.S. Individual Income Tax Return, with all attachments.

other information he wished her to consider. She reiterated that he also needed to provide the documents indicated on page 4 of the Form 433-A.

At the appointed time on May 20, 2009, the SO called petitioner and left a voice mail message stating that she was calling for the rescheduled hearing and that she had not received a Form 433-A and other materials as requested. On May 27, 2009, the SO received from petitioner a letter in which he proposed to pay the entire balance of his 2004 tax liability and to pay $500 a month toward his 2005 liability, with yearly review. Enclosed with this letter were a Form 433-A and a copy of petitioner's 2006 income tax return. Of the documents required to be submitted, as indicated on page 4 of the Form 433-A, petitioner attached only (1) an October 9, 2008, statement for a payment due on a Porsche; and (2) an account summary and statement, dated April 27, 2009, with respect to a line of credit with a bank. The Form 433-A petitioner submitted indicated that he was the CEO of Tier One Enterprises but that he had zero gross monthly income. He listed $6,700 of total monthly living expenses, including $1,700 of court-ordered payments.[4] The Form 433-A also indicated that petitioner was plaintiff in a $7.5 million lawsuit for

---

[4]Petitioner listed individual expenses of $500, $3,500, $2,000, and $1,700 but incorrectly added these up to $6,700 instead of $7,700.

"breach of guaranty". In response to the question whether "the individual or sole proprietorship ever filed bankruptcy", petitioner checked "No".

The SO called petitioner after receiving these submissions on May 27, 2009. According to the SO's log, petitioner stated that the company for which he had worked had gone out of business and filed for bankruptcy. He also indicated that a $2.5 million judgment had been entered against him and a business partner. According to her log, the SO advised petitioner that for her to consider a collection alternative he had to provide the required financial information and asked him to fax her the information by May 29, 2009. On July 12, 2009, the SO noted in her log that she still had not received from petitioner the documentation requested on page 4 of the Form 433-A.

On July 24, 2009, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice), sustaining the filing of the NFTL with respect to petitioner's unpaid liabilities for 2004 and 2005. The notice indicated that petitioner's proposed collection alternative could not be considered because the Form 433-A he had submitted was incomplete. The notice indicated that the SO had verified that all legal and procedural requirements had been met for the proposed collection action.

## OPINION

Petitioner disputes only whether the SO improperly rejected his offer of a collection alternative.[5] Because petitioner has not challenged his underlying tax liability in this proceeding, we review the notice of determination for abuse of discretion, asking whether it was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

The Commissioner may enter into installment agreements with taxpayers under specified circumstances. Sec. 6159. In general, the decision to accept or reject an installment agreement proposed by a taxpayer is subject to the Commissioner's discretion. Sec. 301.6159-1(b)(1)(i), Proced. & Admin. Regs. At the collection due process hearing, the taxpayer is expected to provide all relevant information requested by the Appeals Office, including financial statements. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs. It is not an abuse of discretion for Appeals personnel to refuse to consider collection alternatives where a taxpayer fails to submit the requested financial information. See, e.g., Kansky v.

---

[5]Although the petition challenges the underlying liability, at trial petitioner conceded that he was no longer disputing it.

Commissioner, T.C. Memo. 2007-40; Schwersensky v. Commissioner, T.C. Memo. 2006-178.

The SO gave petitioner a number of opportunities to provide the requested financial information, but he never did provide it. Petitioner suggests that because he told the SO in a phone call about his company's bankruptcy and a $2.5 million judgment against him, it was up to the SO to verify these matters of public record.[6] We disagree. In any event, the documentation of these two matters was only a small part of the documentation petitioner was required to submit, but did not submit, with the Form 433-A. Petitioner suggests that the SO gave him inadequate time to submit the information. The evidence indicates that the SO first requested the information on March 31, 2009, and as of July 24, 2009, still had not received it. We are not persuaded that the SO gave petitioner inadequate time or otherwise

---

[6]Petitioner also asserts on brief that he could have easily faxed respondent the requested documentation but that respondent does not accept faxes. The SO's log, however, indicates that she asked petitioner to fax her the information to a fax number listed in the log.

abused her discretion in sustaining the filing of the NFTL.  Accordingly, we uphold

respondent's determination sustaining the filing of the NFTL.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.