T.C. Memo. 2015-229

UNITED STATES TAX COURT

AMBAWALAGE S. SILVA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25416-12L.                              Filed November 30, 2015.

Ambawalage S. Silva, pro se.

Robert D. Heitmeyer and John D. Davis, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination of

the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice

[*2] of Federal tax lien (NFTL).[1]  This case was submitted fully stipulated under Rule 122, and the stipulated facts are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.  Petitioner resided in Michigan when he filed his petition.

Background

Petitioner did not file a Federal income tax return for 2002 or 2004.  On the basis of third-party information reports, the IRS prepared for each year a substitute for return (SFR) that met the requirements of section 6020(b).  These reports showed that petitioner in 2002 and 2004 received employee compensation of $34,081 and $92,997, respectively, but had zero income tax withheld from his paychecks.  For 2002 he received additional income in excess of $100,000 from dividends, interest, retirement plan distributions, and gross proceeds from securities transactions.[2]

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all dollar amounts to the nearest dollar.

[2]The IRS examination file includes a letter informing the exam team that petitioner "has been identified as a potential participant in an ATAT (Abusive Tax Avoidance Transaction) marketed by Eddie Kahn, doing business as American Rights Litigators (ARL)."  The letter indicates that ARL markets tax-evasion schemes under which taxpayers assert that they are not subject to Federal income tax.

**[*3]**  On the basis of the SFRs, the IRS prepared a notice of deficiency dated July 17, 2006, determining tax deficiencies and applicable penalties for 2002 and 2004. This notice was addressed to petitioner at a Livonia, Michigan, address.  This was his last known address as shown in IRS records and is the address at which he in fact received all correspondence that the IRS sent to him subsequently.

When petitioner failed to petition this Court within 90 days in response to the notice of deficiency, the IRS assessed the liabilities set forth in that notice.  On May 23, 2011, in an effort to collect these unpaid liabilities, the IRS sent petitioner a Final Notice of Federal Tax Lien and Notice of Your Right to a Hearing.  Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  In his request he stated his intention to dispute his underlying tax liabilities for 2002 and 2004 because he assertedly had "never had a chance to challenge [them] before."  He also asked the IRS to consider a collection alternative in the event "this liability is indeed a proper assessment." He demanded a face-to-face hearing to address these matters.

On October 25, 2011, a settlement officer (SO) from the IRS Appeals Office wrote petitioner to schedule a telephone CDP hearing for November 29, 2011. The SO informed him that he would be granted a face-to-face hearing only if he submitted a completed Form 433-A, Collection Information Statement for Wage

**[\*4]** Earners and Self-Employed Individuals, and was current in his Federal tax obligations. Petitioner had failed to file Federal income tax returns, not only for 2002 and 2004, but also for 2005, 2006, 2007, 2008, 2009, and 2010. The SO informed petitioner that he needed to file tax returns for each of these years in order for her to consider his request for a collection alternative.

On November 26, 2011, petitioner replied to the SO's letter, informing her that he would not participate in the telephone conference because he had demanded a face-to-face hearing.[3] Petitioner also stated: "I did not receive any Notices of Deficiency for the tax years 2002 or 2004, which would have given me the opportunity to challenge the liability." He requested that the SO provide him with "documentation * * * pertaining to the Notices of Deficiency as well as proof that I received them."

Petitioner did not participate in the CDP hearing scheduled for November 29, 2011. That same day, the SO sent petitioner a letter enclosing a copy of the notice of deficiency for 2002 and 2004 and reminding him that she had already furnished him copies of his 2002 and 2004 account transcripts. She gave him an additional two weeks to submit the requested documentation and informed him

---

[3]Petitioner proposed as follows: "I suggest that you pick at least three dates in the future that you will be available to conduct my FACE-TO-FACE hearing, and I will let you know which of the three will be more convenient for me."

[*5] that, if no documentation was forthcoming, she would make her determination using information in the IRS administrative file. On December 20, 2011, petitioner wrote the SO repeating his assertion that he had not received the notice of deficiency but providing none of the documentation she had requested.

At this point the SO decided that the case should be closed. Her case activity report indicates that she was willing to consider petitioner's underlying tax liabilities for 2002 and 2004 in view of his assertion that he had not received the notice of deficiency. However, because petitioner had presented no evidence concerning those liabilities and had refused to execute tax returns, the SO declined to address that issue further. She determined that petitioner was not eligible for a collection alternative because he had put no specific proposal on the table and had repeatedly failed to submit the required financial information. Consistently with the SO's determinations, the IRS on February 27, 2012, issued petitioner a Notice of Determination Concerning Collection Action sustaining the NFTL filing.

On March 29, 2012, petitioner filed a letter with this Court stating, in part, as follows:

> Dear Tax Court Judge,
>
> I recently requested for a Collection Due Process Hearing, and I strongly believe that my request was ignored. I received a Notice of Determination from the Internal Revenue Service for the year 2002,

**[\*6]** 2004.  The letter states that I should file a petition with the United States Tax Court if I believe that the Internal Revenue Service has made a wrong determination.  I do believe that they have made the wrong determination, and I'm not sure which route to take after this.  The IRS claims that I owe them some amount of funds and I still have been unsuccessful in obtaining any kind of proof as to how they support their claims.

This document did not conform to Rule 331, which lists the requirements for a petition in a CDP case.  The Court initially did not treat this letter as a petition and accordingly did not ask petitioner to file an amended petition complying with Rule 331(b).  Petitioner took no action for six months.

On September 24, 2012, petitioner received an IRS notice of levy with regard to his unpaid tax liabilities for 2001, 2002, and 2004.  (The levy notice is not at issue in this case.)  On October 9, 2012, petitioner filed an amended petition purporting to address IRS collection actions for all three tax years.  The Court thereupon assigned a docket number to this case.  See Rule 35.

The only issue petitioner raised in his amended petition was a demand "that the Court grant an immediate injunction against Respondent * * * from levying and/or seizing Petitioner's property."  Shortly after filing the amended petition he filed a motion to restrain collection under section 6330(e)(1).  This motion alleged that the levy violated section 6330(e) because it was initiated after petitioner had commenced Tax Court proceedings for 2002 and 2004 by sending his March 29,

**[*7]** 2012, letter to the Court and after he had commenced Tax Court proceedings for 2001 by sending the Court a substantially similar letter dated December 15, 2006, regarding a separate notice of determination for that year.

On November 6, 2012, respondent moved to dismiss this case for lack of jurisdiction. Petitioner objected, contending that his March 29, 2012, letter was an imperfect petition in response to the notice of determination for 2002 and 2004 and that his December 15, 2006, letter was an imperfect petition in response to the notice of determination for 2001. He included with his objection copies of certified mail receipts for both letters.

On March 13, 2013, we denied respondent's motion to dismiss as to 2002 and 2004, concluding that petitioner's letter dated March 29, 2012, would be treated as a timely petition. However, we granted respondent's motion to dismiss for lack of jurisdiction as to 2001, concluding: "The 5-year delay between December 15, 2006, and petitioner's filing the petition in this case on October 15, 2012, belies petitioner's claim that the December 15, 2006, letter was intended by him as a petition." Petitioner filed a motion to vacate the Court's order in the latter respect, and we denied that motion on April 26, 2013. Upon receiving confirmation from respondent that no active collection activities were being pursued against petitioner, we also denied petitioner's motion to restrain collection.

**[\*8]**   On February 3, 2015, the parties filed a joint motion for leave to submit this case for decision without trial under Rule 122.  We granted that motion and ordered respondent to file a seriatim opening brief on or before April 6, 2015, and petitioner to file a seriatim answering brief on or before May 19, 2015.  Both briefs were timely filed.  Respondent asserts that the SO did not abuse her discretion by refusing to allow petitioner a face-to-face conference or by sustaining the filing of the NFTL.  We agree for the reasons stated below.

## Discussion

### A.   Standard of Review and Burden of Proof

Section 6320(b) affords the taxpayer the right to a fair hearing before an impartial hearing officer in a CDP case.  Section 6320(c) requires that the administrative hearing be conducted pursuant to section 6330(c) and (d).  Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where the validity of the underlying tax liability is at issue, the Court reviews the Commissioner's determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the taxpayer's underlying tax liability is not at issue, the Court reviews the IRS decision for abuse of discretion.  Id. at 182.  Abuse of discretion exists when a determina-

**[*9]** tion is arbitrary, capricious, or without sound basis in fact or law.  See

Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir.

2006).

A taxpayer may dispute his underlying tax liability in a CDP case only if he

did not receive a notice of deficiency or otherwise have a prior opportunity to con-

test that liability.  Sec. 6330(c)(2)(B).  In view of petitioner's assertion that he did

not receive the notice of deficiency, the SO was willing to let him challenge his

underlying tax liabilities for 2002 and 2004.  But he advanced no such challenge.

He refused to participate in the CDP hearing; he submitted no evidence concern-

ing his underlying tax liabilities; he articulated no argument tending to show that

the liabilities determined in the notice of deficiency were incorrect; and he refused

to submit tax returns that would show what he believed his correct 2002 and 2004

tax liabilities to be.

Under these circumstances, petitioner did not properly raise his underlying

tax liabilities during the CDP process.  See, e.g., Pough v. Commissioner, 135

T.C. 344, 349 (2010); Lunnon v. Commissioner, T.C. Memo. 2015-156, at *15

("The taxpayer does not properly raise an issue, including the underlying liability,

during the hearing if he 'fails to present to Appeals any evidence with respect to

that issue after being given a reasonable opportunity to present such evidence.'")

**[*10]** (quoting section 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.)).  He is accordingly precluded from raising them here.  See Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); Giamelli v. Commissioner, 129 T.C. 107, 112-113 (2007).  We accordingly review the SO's actions with respect to 2002 and 2004 for abuse of discretion only.

The submission of this case fully stipulated changes neither the burden of proof nor the effect of a failure of proof.  See Rule 122(b); Okerson v. Commissioner, 123 T.C. 258, 263 (2004).  Petitioner bears the burden of proving that the SO abused her discretion.  See Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Gibbs v. Commissioner, T.C. Memo. 2006-149, 92 T.C.M. (CCH) 29, 30.

B.    Analysis

In deciding whether the settlement officer abused her discretion in sustaining the NFTL, we consider whether she:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).

**[*11]** 1.    Demand for Face-to-Face CDP Hearing

Petitioner's principal argument during the CDP process was that the SO had improperly denied him a face-to-face CDP hearing.  Although petitioner did not explicitly advance this argument in his amended petition, respondent thoroughly addressed this issue in his pretrial memorandum and in his posttrial brief.  We accordingly regard the issue as having been tried by agreement of the parties.  See Rule 41(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

We have held on numerous occasions that a CDP hearing is not a formal adjudication and that a face-to-face hearing therefore is not mandatory.  See Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000); Bean v. Commissioner, T.C. Memo. 2006-88.  A CDP hearing may take the form of a face-to-face meeting, a telephone conference, or written communications between the taxpayer and the Appeals Office.  Sec. 301.6320-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see Katz v. Commissioner, 115 T.C. at 337-338.

The SO advised petitioner on two occasions that she would grant his request for a face-to-face hearing if he submitted specified documents, including a Form

[*12] 433-A and signed tax returns for 2002 and 2004.  Both sets of documents were essential if petitioner was going to make a serious proposal for a collection alternative or a nonfrivolous challenge to his underlying tax liabilities.  Petitioner repeatedly refused to submit documentation of any kind.  Under these circumstances, he was not entitled to a face-to-face hearing and the SO did not abuse her discretion in denying his request.  See, e.g., Rivas v. Commissioner, T.C. Memo. 2012-20, 103 T.C.M. (CCH) 1131; Zastrow v. Commissioner, T.C. Memo. 2010-215; Williams v. Commissioner, T.C. Memo. 2008-173.

### 2.    Verification Requirement

Petitioner asserted to the SO that he had not received the notice of deficiency for 2002 and 2004 and asked that she provide him with documentation relating to the notice and proof he received it.  The SO thereafter confirmed that the administrative file included a notice of deficiency for 2002 and 2004 dated July 17, 2006; confirmed that it was addressed to petitioner at his last known address; sent him a copy of the notice; and verified that the tax for 2002 and 2004 was properly assessed after petitioner failed to petition this Court.  Petitioner contends

**[\*13]** that these steps were insufficient to constitute compliance with the verification requirement.[4]

In his Tax Court pleadings, petitioner raised no challenge to the notice of deficiency or to the SO's satisfaction of the verification requirement. However, petitioner asserts for the first time in his seriatim answering brief that the SO "failed to verify that a notice of deficiency for the tax years in question was created and properly mailed to petitioner at his last known address."

The purpose of the pleadings is "to give the parties and the Court fair notice of the matters in controversy." Rule 31(a). Our Rules governing the content of

---

[4]Although petitioner in his communications with the SO disputed only his receipt of the notice of deficiency, not its timely mailing, he arguably alleged an "irregularity" in the administrative procedure. See Meyer v. Commissioner, T.C. Memo. 2013-268, at \*15-\*16 & n.10. The SO therefore had "to do more than consult the computerized records" and was "required 'to examine underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list.'" Hoyle v. Commissioner, 131 T.C. 197, 205 n.7 (2008) (quoting IRS Chief Counsel Notice CC-2006-19 (Aug. 18, 2006)). Upon hearing petitioner's claim that he had not received the notice of deficiency, the SO offered him an opportunity to dispute his underlying tax liabilities. See Tatum v. Commissioner, T.C. Memo. 2003-115. After he refused to present any plausible challenge to those liabilities, the SO confirmed the existence of the notice of deficiency, verified that it was addressed to petitioner at his last known address, and verified that the tax was properly assessed. Although the SO's actions appear to have been reasonable under the circumstances, we need not decide whether she fully satisfied the verification requirement because petitioner did not timely present that question to this Court for review.

**[\*14]** the petition in a CDP case explicitly provide that "[a]ny issue not raised in the assignments of error shall be deemed to be conceded." Rule 331(b)(4). As a rule, therefore, the taxpayer must adequately raise the verification issue in his petition in order for this Court to consider it. See Triola v. Commissioner, T.C. Memo. 2014-166, at \*9 (noting that petition did not allege that assessment was improper and deeming the issue conceded); Dinino v. Commissioner, T.C. Memo. 2009-284, 98 T.C.M. (CCH) 559, 564 (noting that verification issue must be "adequately raised" in petition, citing Rule 331(b)(4)); cf. Hoyle v. Commissioner, 131 T.C. at 200 n.3 (considering verification issue where it was tried by consent even though not raised in petition).

Whether an issue not raised in the pleadings will nonetheless be considered is a matter for the Court's discretion, taking into account the risk of prejudice to the opposing party. As we explained in Ware v. Commissioner, 92 T.C. 1267, 1268 (1989), aff'd, 906 F.2d 62 (2d Cir. 1990): "The rule that a party may not raise a new issue on brief is not absolute. Rather, it is founded upon the exercise of judicial discretion in determining whether considerations of surprise and prejudice require that a party be protected from having to face a belated confrontation which precludes or limits that party's opportunity to present pertinent evidence." Accord Toyota Town, Inc. v. Commissioner, T.C. Memo.

**[*15]** 2000-40, 79 T.C.M. (CCH) 1457, 1461 (declining to consider issue not raised in petition).

At no time before filing his seriatim answering brief did petitioner provide any notice to respondent or this Court that he intended to dispute the proper mailing of the notice of deficiency. In his March 29, 2012, letter to the Court, petitioner raised no issue about the notice of deficiency, asserting vaguely that "[t]he IRS claims that I owe them some amount of funds and I still have been unsuccessful in obtaining any kind of proof as to how they support their claims." In his amended petition he made only one assignment of error: that the IRS levy violated section 6330(e)(1) and should therefore be enjoined.

The standing pretrial order mailed to the parties on September 21, 2014, instructed them to file a pretrial memorandum listing (among other things) the issues presented by this case. Respondent timely filed a pretrial memorandum setting forth his understanding of the issues presented, which did not include the proper mailing of the notice of deficiency. Petitioner did not file a pretrial memorandum, and he did not otherwise dispute the statement in respondent's pretrial memorandum that "the notice [of deficiency] was mailed to [petitioner's] mailing address on July 17, 2006."

**[*16]** The parties agreed to submit this case under Rule 122 for decision without trial and filed a stipulation of facts including 18 exhibits. Respondent filed his opening brief in which he addressed petitioner's demand for a face-to-face hearing, petitioner's entitlement to contest his underlying tax liabilities, and petitioner's failure to submit documentation requisite to consideration of a collection alternative. Petitioner then filed an answering brief in which he ignored all of these issues and argued, for the first time and at length, that the SO "failed to verify that a notice of deficiency for the tax years in question was created and properly mailed to petitioner at his last known address."

We conclude that respondent has been prejudiced by petitioner's delay and will therefore exercise our discretion not to consider petitioner's untimely argument. "Of key importance in evaluating the existence of prejudice is the amount of surprise and the need for additional evidence on behalf of the party opposed to the new position." Sundstrand Corp. & Subs. v. Commissioner, 96 T.C. 226, 347 (1991) (quoting Pagel, Inc. v. Commissioner, 91 T.C. 200, 211-212 (1988), aff'd, 905 F.2d 1190 (8th Cir. 1990)). Because the parties agreed to submit this case under Rule 122, respondent made his decision about what evidence to include in the record on the basis of the pleadings and other pretrial submissions. Had petitioner raised the verification issue before the record was closed, respondent could

[*17] have included additional evidence in the stipulation or (alternatively) taken the case to trial for the production of testimony verifying that the notice of deficiency was timely mailed. See, e.g., Rivas v. Commissioner, 103 T.C.M. (CCH) at 1134 (finding that testimony from a USPS employee was evidence of the "actual mailing [of the notice of deficiency] equivalent to a USPS Form 3877"). It is clear to us that petitioner was "lying behind the log" on this issue and that respondent has been prejudiced by these tactics.[5]

We conclude that the SO did not abuse her discretion in concluding that petitioner was not entitled to a collection alternative and in sustaining the NFTL filing. Petitioner declined to participate in the CDP hearing; he refused to submit Form 433-A and the financial information requisite to consideration of a collection

---

[5]We generally construe claims in a petition liberally "as to do substantial justice," especially where the petitioner is pro se. See Rule 31(d); Gray v. Commissioner, 138 T.C. 295, 298 (2012). But petitioner's letter and amended petition, even when liberally construed, fail to raise any issue concerning the mailing of the notice of deficiency. Moreover, our review of the record convinces us that petitioner has exploited the collection review procedures for the principal purpose of delaying collection of his Federal tax liabilities. He refused to participate in the CDP hearing that the IRS offered him and provided the SO with no evidence of any sort. He appears to have intentionally filed imperfect petitions, in the form of letters dated December 15, 2006, and March 29, 2012, in order to lay the predicate for a subsequent motion to enjoin IRS collection activity as violative of an ongoing Tax Court proceeding. And his briefing tactics reveal a deliberate effort to sandbag respondent. Construing petitioner's claims so liberally as to include a challenge to the timeliness of the notice of deficiency would reward these tactics and would not accomplish substantial justice.

[*18] alternative; he placed no specific proposal for a collection alternative on the table; and he has not complied with his ongoing Federal tax obligations.  A settlement officer does not abuse her discretion by declining to consider a collection alternative under these circumstances.  See, e.g., Thompson v. Commissioner, T.C. Memo. 2012-87; Winters v. Commissioner, T.C. Memo. 2012-85; Huntress v. Commissioner, T.C. Memo. 2009-161.

Finding no abuse of discretion in any respect, we will affirm the proposed collection action.  To reflect the foregoing,

Decision will be entered for

respondent.